

**FILED**

JUN  6 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

| Prob22 (3/03) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Tran Court) CR-14-00239-001-HE |
|---|---|---|
| | | DOCKET NUMBER (Rec Court) 18CR135CVE |

| NAME AND ADDRESS OF PROBATION/SUPERVISED RELEASEE: Carla Jo Mires | DISTRICT Western District of Oklahoma | DIVISION United States Probation Office |
|---|---|---|
| | NAME OF SENTENCING JUDGE Joe Heaton, Chief United States District Judge | |
| | DATES OF PROB/TSR RELEASE | FROM October 7, 2016 | TO October 6, 2019 |

Offense:
18 U.S.C. § 513(a) Forged Security, 26 U.S.C. § 7206(1) False Income Tax Return

**PART 1 - ORDER TRANSFERRING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the United States District Court for the Western District of Oklahoma to the United States District Court for the Northern District of Oklahoma upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

4/30/18
_____
Date

_____
United States District Judge

* This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

5/24/18
_____
Date

_____
United States District Judge

31

CLOSED

# U.S. District Court
## Western District of Oklahoma[LIVE] (Oklahoma City)
## CRIMINAL DOCKET FOR CASE #: 5:14−cr−00239−HE All Defendants

Case title: United States of America v. Mires

*18 CR 135 CVE*

Date Filed: 08/14/2014
Date Terminated: 12/16/2014

Assigned to: Honorable Joe
Heaton

### Defendant (1)

**Carla Jo Mires**
*TERMINATED: 12/16/2014*

represented by **John A Alberts**
Abel Musser Sokolosky Mares & Kouri
211 N Robinson Ave
Suite 600
Oklahoma City, OK 73102
405−239−7046
Fax: 405−272−1090
Email: john@albertslaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*



Certified Copy
**CR-14-239-HE Docket Sheet**

3:03 pm, Jun 06, 2018
**Carmelita Reeder Shinn, Clerk**

### Pending Counts

18:513(a) FORGED SECURITY
(1)

26:7206(1) FALSE INCOME
TAX RETURN
(2)

### Disposition

The amended judgment and commitment order
[Doc. #21] is amended to reflect the restitution
amount owed to Union Mutural Insurance
Company as reflected on pages 6, 7 and 8 of this
second amended judgment and commitment order.

The amended judgment and commitment order
[Doc. #21] is amended to reflect the restitution
amount owed to Union Mutural Insurance
Company as reflected on pages 6, 7 and 8 of this
second amended judgment and commitment order.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

### Highest Offense Level
### (Terminated)

None

**Complaints**                                            **Disposition**

None

_____

**Plaintiff**

**United States of America**            represented by   **Travis D Smith**
                                                         US Attorney's Office–OKC
                                                         210 W Park Ave
                                                         Suite 400
                                                         Oklahoma City, OK 73102
                                                         405–553–8700
                                                         Fax: 405–553–8848
                                                         Email: travis.smith3@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         Designation: Retained

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/14/2014 | 1 | 5 | INFORMATION as to Carla Jo Mires (1) count(s) 1, 2. (Attachments: # 1 Criminal Cover Sheet) (hm) (Entered: 08/14/2014) |
| 08/14/2014 | 2 | | ENTRY OF ATTORNEY APPEARANCE Travis D Smith appearing for USA. (Smith, Travis) (Entered: 08/14/2014) |
| 08/15/2014 | 3 | | NOTICE OF HEARING as to Carla Jo Mires...Waive and File Hearing set for 09/03/2014 @ 09:30 AM in Courtroom 304 before Honorable Joe Heaton. (lam) (Entered: 08/15/2014) |
| 09/03/2014 | 5 | | MINUTE ENTRY for proceedings held before Honorable Joe Heaton:Waive and File Hearing as to Carla Jo Mires held on 9/3/2014, Plea entered by Carla Jo Mires (1) Guilty Counts 1 and 2 of the 2 count information filed 08/14/2014...sentencing hearing to be set upon completion of the final presentence report...order setting conditions of release and appearance bond executed by defendant to be filed; defendant to remain on bond pending sentencing. (Court Reporter Jeanne Ring) (lam) (Entered: 09/04/2014) |
| 09/03/2014 | 6 | | PETITION To Enter a Plea of Guilty by Defendant Carla Jo Mires. (lam) (Entered: 09/04/2014) |
| 09/03/2014 | 7 | | PLEA AGREEMENT as to Carla Jo Mires. (lam) (Entered: 09/04/2014) |
| 09/03/2014 | 9 | | WAIVER OF INDICTMENT by Carla Jo Mires. (lam) (Entered: 09/04/2014) |
| 09/03/2014 | 10 | | WAIVER of Jury Trial by Carla Jo Mires. (lam) (Entered: 09/04/2014) |
| 09/03/2014 | 11 | | ORDER Setting Conditions of Release as to Carla Jo Mires (1); see order for specific conditions. Signed by Honorable Joe Heaton on 09/03/2014. (lam) (Entered: 09/05/2014) |
| 09/03/2014 | 12 | | |

| | | | |
|---|---|---|---|
| | | | Appearance Bond Entered as to Carla Jo Mires is an unsecured bond of $5,000. (lam) (Entered: 09/05/2014) |
| 10/17/2014 | 13 | | ORDER directing that no action be taken due to defendant being unable to locate her passport. Signed by Honorable Joe Heaton on 10/17/2014. (lam) (Entered: 10/17/2014) |
| 11/18/2014 | 16 | | NOTICE OF HEARING as to Carla Jo Mires...Sentencing hearing set for 12/11/2014 @ 02:30 PM in Courtroom 304 before Honorable Joe Heaton. (lam) (Entered: 11/18/2014) |
| 12/11/2014 | 17 | | MINUTE ENTRY for proceedings held before Honorable Joe Heaton...Sentencing held on 12/11/2014 for Carla Jo Mires (1) on Counts 1 and 2 of the 2 count information filed 08/14/2014; Defendant is committed to the custody of the Bureau of Prisons for a term of 24 months as to count 1 and count 2 to run concurrent; upon release from custody defendant shall be placed on a term of 3 years supervised release this consists of 3 years as to count 1 and 1 year as to count 2 to run concurrent; Restitution is ordered with the amount to be determined; $200.00 mandatory special assessment fee is due immediately; defendant bond continued pending service of sentence; defendant is ordered to self surrender to the designated institution on 01/13/2015 at 1:00 p.m. (Court Reporter Jeanne Ring.) (lam) (Entered: 12/15/2014) |
| 12/16/2014 | 18 | 8 | JUDGMENT & Commitment as to Carla Jo Mires (1), Count(s) 1, 2, Defendant is committed to the custody of the Bureau of Prisons for a term of 24 months as to count 1 and count 2 to run concurrent; upon release from custody defendant shall be placed on a term of 3 years supervised release this consists of 3 years as to count 1 and 1 year as to count 2 to run concurrent; Restitution is ordered with amount to be determined; $200. mandatory special assessment fee is due immediately. Signed by Honorable Joe Heaton on 12/16/2014. (lam) (Entered: 12/16/2014) |
| 12/16/2014 | 20 | | ORDER directing Union Mutual to file by 12/29/2014 a written claim setting out the additional amounts it believes to be due and the basis for the claim...government and defendant responses to Union Mutual's filing is due within 14 days from the date of that filing; Union Mutual may submit a single reply to the responses with 7 days of the date the response is filed. Signed by Honorable Joe Heaton on 12/16/2014. (lam) (Entered: 12/16/2014) |
| 12/18/2014 | 21 | 15 | AMENDED JUDGMENT AND COMMITMENT ORDER...the original judgment and commitment order filed 12/16/2014 18 is amended to reflect the amounts owed to the Internal Revenue Service per year as reflected on page 7 of this amended judgment and commitment order...all other sentencing remains the same. Signed by Honorable Joe Heaton on 12/18/2014. (lam) (Entered: 12/18/2014) |
| 12/29/2014 | 22 | | ADVISEMENT TO COURT − NOTICE *Notice to Court Re: Restitution* by United States of America (Smith, Travis) (Entered: 12/29/2014) |
| 01/13/2015 | 23 | 23 | SECOND AMENDED JUDGMENT as to Carla Jo Mires (1), Count(s) 1, The amended judgment and commitment order 21 is amended to reflect the restitution amount owed to Union Mutural Insurance Company as reflected on pages 6, 7 and 8 of this second amended judgment and commitment order. Signed by Honorable Joe Heaton on 01/13/2015. (lam) (Entered: 01/13/2015) |

| 06/06/2018 | 24 | 31 | Probation Jurisdiction Transferred from Honorable Joe Heaton to Northern District of Oklahoma as to Carla Jo Mires. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (rmc) (Entered: 06/06/2018) |

Certified Copy
CR-14-239-HE Document 1



3:03 pm, Jun 06, 2018
Carmelita Reeder Shinn, Clerk

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 18 CR 135 CVE |
| | ) | |
| Plaintiff, | ) | Case No. CR-14-239-HE |
| | ) | Case No. _____ |
| -vs- | ) | |
| | ) | Violations:   18 U.S.C. § 513(a) |
| CARLA JO MIRES, | ) | 26 U.S.C. § 7206(1) |
| | ) | |
| Defendant. | ) | |

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Forged Security)

On or about October 4, 2012, in the Western District of Oklahoma,

----------------------------------- CARLA JO MIRES -----------------------------------

knowingly made, uttered, and possessed a forged security, that is check

number 17153 from the bank account of Union Mutual Insurance Company, in

the amount of $6,433.88, with the intent to deceive Union Mutual Insurance

Company and Quail Creek Bank, organizations that operate in interstate

commerce.

All in violation of Title 18, United States Code, Section 513(a).

5

## COUNT TWO
### (False Income Tax Return)

On or about January 28, 2009, in the Western District of Oklahoma,

-------------------------------- **CARLA JO MIRES** ---------------------------------------

willfully made and subscribed a United States Individual Income Tax Return

Form 1040 for calendar year 2008, which was verified by a written declaration

that it was made under the penalties of perjury and which she did not believe

to be true and correct as to every material matter.   **MIRES'** income tax

return, filed electronically with the Internal Revenue Service, reported total

income in the amount of $36,342.00.   **MIRES**, though, knew that the return

was false because she received substantially more income during calendar

year 2008 than she reported on the return.

All in violation of Title 26, United States Code, Section 7206(1).

SANFORD C. COATS
United States Attorney

*Travis D. Smith*

TRAVIS D. SMITH
Assistant U.S. Attorney

2

AO 254B (REV. 09/08) Judgment in a Criminal Case
Sheet 1 (as locally modified 12/11)

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| V. | Case Number:   CR-14-00239-001-HE |
| | USM Number:   29058-064 |
| **CARLA JO MIRES,** | |
| | John Alberts, Esq., |
| | Defendant's Attorney |

**THE DEFENDANT:**

*18 CR 135 CVE*

☒ pled guilty to counts 1 and 2 of the 2 count information filed 08/14/2014.
☐ pled nolo contendere to count(s) _____, which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 513(a) | **Forged Security** | **October 4, 2012** | **1** |
| 26 U.S.C. § 7206(1) | **False Income Tax Return** | **January 28, 2009** | **2** |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. Portions of this form preceded by a box are applicable if the box is checked.

☐ The defendant has been found not guilty on count(s) _____.
☐ Count(s) _____ ☐ is ☐ are   dismissed on the motion of the United States.
☒ It is ordered the defendant shall pay a special assessment of $200.00 for counts 1 and 2, which shall be due immediately.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States attorney of any material change in the defendant's economic circumstances.

Certified Copy
**CR-14-239-HE Document 18**

3:04 pm, Jun 06, 2018
**Carmelita Reeder Shinn, Clerk**

December 11, 2014
Date of Imposition of Judgment

Signature of Judge

JOE HEATON
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

*12/16/14*
Date Signed

8

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 2 - Imprisonment (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT:  Carla Jo Mires | Judgment— Page ___2___ of ___7___ |
| CASE NUMBER: CR-14-00239-001-HE | |

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: _
**twenty-four (24) months as to counts 1 and 2 to run concurrent**.

The court makes the following recommendations to the Bureau of Prisons:

☒      That defendant, if eligible, and if consistent with space availability and appropriate programs, be assigned to the appropriate facility closest to Oklahoma.

☒      That defendant participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility program.

☐      That defendant participate in the Residential Drug Abuse Program while incarcerated.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district.

       ☐      by 1:00 p.m.___ on _____.

       ☐      as notified by the United States marshal.

☒   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☒      by 1:00 p.m.___ on January 13, 2015. If designation has not been made, the defendant is to surrender to the United States Marshal for this district.

       ☐      as notified by the United States Marshal.

       ☐      as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

            _____

                United States Marshal

          By _____

                  Deputy Marshal

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3 - Supervised Release (as locally modified 12/11)

DEFENDANT:  Carla Jo Mires                                          Judgment— Page ___3___ of ___7___
CASE NUMBER: CR-14-00239-001-HE

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years as to count 1 and one (1) year as to count 2 to run concurrent**.

Defendant must report to the probation office in the district to which the defendant is released within seventy two (72) hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not unlawfully possess a controlled substance.  Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within fifteen (15) days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒   The above drug testing condition is suspended, based on the court's determination that defendant poses a low risk of future substance abuse.

☒   Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   Defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐   Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student, or was convicted of a qualifying offense.

☐   Defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that defendant pay it in accordance with the Schedule of Payments sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   Defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   Defendant shall support defendant's dependents and meet other family responsibilities;

5)   Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;

7)   Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3 - Supervised Release Continued (as locally modified 12/11)

DEFENDANT: Carla Jo Mires                                          Judgment— Page ___4___ of ___7___
CASE NUMBER: CR-14-00239-001-HE

8)   Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  Defendant shall permit a probation officer to visit defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  Defendant shall notify the probation officer within seventy two (72) hours of being arrested or questioned by a law enforcement officer;

12)  Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3A — Supervised Release Continued (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT:  Carla Jo Mires | Judgment—Page ____5____ of ___7___ |
| CASE NUMBER:   CR-14-00239-001-HE | |

## ADDITIONAL SUPERVISED RELEASE TERMS

The court does not impose any requirement of community service.

If defendant is employed in a fiduciary capacity, defendant shall notify employers of the federal conviction at the direction of the probation officer and the probation officer is granted permission to verify notification.

Defendant shall participate in a program of mental health aftercare as directed by the probation officer.  Defendant shall contribute to the cost of services rendered (copayment) in an amount determined by the probation officer based on defendant's ability to pay.

So long as any portion of the criminal monetary penalties remain unpaid, the following conditions shall apply:

Defendant shall maintain a single checking account in defendant's name.  Defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

Defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

Defendant shall disclose all assets and liabilities to the probation officer.  Defendant shall not transfer, sell, give away or otherwise convey any asset without first consulting with the probation officer.

If defendant maintains interest in any business or enterprise, defendant shall, upon request, surrender  and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

Defendant shall, upon request of the probation officer, authorize release of any and all financial records, income tax records, and social security record, by execution of a release of financial information form or by any appropriate means.

Defendant shall notify the court and the United States attorney of any material change in economic circumstances that might affect defendant's ability to pay a fine and/or restitution.

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 5 — Criminal Monetary Penalties (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT: Carla Jo Mires | Judgment—Page __6__ of __7__ |
| CASE NUMBER: CR-14-00239-001-HE | |

### CRIMINAL MONETARY PENALTIES

Defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $200.00 | $-0- | *TO BE DETERMINED* |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

☐ Payments are to be forwarded to the clerk of the court for distribution to the following payees in the amount listed below. If defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Travelers Insurance<br>c/o Kazlow & Fields, LLC<br>Attn: Tova Eichhorn<br>8100 Sandpaper Circle, Ste. 204<br>Baltimore, MD 21236 | $126,042.89 |
| Union Mutual Insurance Company<br>Attn: Terri Smith<br>3 Corporate Plaza, 3613 NW 56th Street<br>Oklahoma City, OK 73112 | *TO BE DETERMINED* |
| Internal Revenue Service-RACS<br>Attn: Mail Stop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, MO 64108 | $32,344.00 |

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ Defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the 15th day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that defendant does not have the ability to pay interest, and it is ordered that:

    ☒ the interest requirement is waived for the: ☐ fine; ☒ restitution.

    ☐ the interest requirement is modified for the: ☐ fine; ☐ restitution, as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments (as locally modified 12/11)

DEFENDANT:  Carla Jo Mires                                    Judgment – Page ___7___ of ___7___
CASE NUMBER: CR-14-00239-001-HE

### SCHEDULE OF PAYMENTS

Having assessed defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A.**  ☒    Lump sum payment of $ <u>(TO BE DETERMINED)</u> due immediately, balance due:
       ☐   not later than _____, or
       ☒   in accordance with  ☐ C;  ☐ D; ☐ E; or ☒ F below; or

**B.**  ☐    Payment to begin immediately (may be combined with  ☐ C;  ☐ D; or  ☐ F below); or

**C.**  ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this
       judgment; or

**D.**  ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
       imprisonment to a term of supervision; or

**E.**  ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that
       time; or

**F.**  ☒    Special instructions regarding the payment of criminal monetary penalties:

       If restitution is not paid immediately, defendant shall make payments of the greater of <u>$200.00</u> per month or 10%
       of defendant's quarterly earnings during defendant's term of imprisonment or, 10 % of defendant's gross monthly
       income as determined by the probation officer.  Such payments shall commence not later than 30 days after release
       from confinement.  Payments shall be forwarded to the clerk of the court for distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

      ☐    Joint and Several.

           Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
           Several Amount, and corresponding payee, if appropriate.

      ☐    The defendant shall pay the cost of prosecution.

      ☐    The defendant shall pay the following court cost(s):

      ☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution  interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 254B (REV. 09/08) Judgment in a Criminal Case
Sheet 1 (as locally modified 12/11)

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | Case Number:   CR-14-00239-001-HE<br>USM Number:   29058-064 |
| **CARLA JO MIRES,** | |
| | John Alberts, Esq.,<br>Defendant's Attorney |

*18 CR 135 CVE*

**THE DEFENDANT:**

The original judgment and commitment order [Doc. #18] is amended to reflect the amounts owed to the Internal Revenue Service per year as reflected on page 7 of this amended judgment and commitment order.

☒  pled guilty to counts 1 and 2 of the 2 count information filed 08/14/2014.
☐  pled nolo contendere to count(s) _____, which was accepted by the court.
☐  was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 513(a) | **Forged Security** | **October 4, 2012** | 1 |
| 26 U.S.C. § 7206(1) | **False Income Tax Return** | **January 28, 2009** | 2 |

The defendant is sentenced as provided in pages 2 through _8_ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.  Portions of this form preceded by a box are applicable if the box is checked.

☐  The defendant has been found not guilty on count(s) _____.
☐  Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.
☒  It is ordered the defendant shall pay a special assessment of $200.00 for counts 1 and 2, which shall be due immediately.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and the United States attorney of any material change in the defendant's economic circumstances.

Certified Copy
**CR-14-239-HE Document 21**

3:04 pm, Jun 06, 2018
**Carmelita Reeder Shinn, Clerk**

December 11, 2014
Date of Imposition of Judgment

Signature of Judge

JOE HEATON
UNDERLINE UNITED STATES DISTRICT JUDGE
Name and Title of Judge

12/18/14
Date Signed

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 2 - Imprisonment (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT:  Carla Jo Mires | Judgment— Page ___2___ of ___8___ |
| CASE NUMBER: CR-14-00239-001-HE | |

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: _
**twenty-four (24) months as to counts 1 and 2 to run concurrent**.

The court makes the following recommendations to the Bureau of Prisons:

☒      That defendant, if eligible, and if consistent with space availability and appropriate programs, be assigned to the appropriate facility closest to Oklahoma.

☒      That defendant participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility program.

☐      That defendant participate in the Residential Drug Abuse Program while incarcerated.


☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district.

         ☐      by <u>1:00 p.m.</u> on _____.

         ☐      as notified by the United States marshal.

☒    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

         ☒      by <u>1:00 p.m.</u> on <u>January 13, 2015</u>. If designation has not been made, the defendant is to surrender to the United States Marshal for this district.

         ☐      as notified by the United States Marshal.

         ☐      as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.


                                      _____

                                           United States Marshal

        By _____

                                           Deputy Marshal

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3 - Supervised Release (as locally modified 12/11)

DEFENDANT:  Carla Jo Mires
CASE NUMBER: CR-14-00239-001-HE

Judgment— Page ___3___ of ___8___

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years as to count 1
and one (1) year as to count 2 to run concurrent**.

Defendant must report to the probation office in the district to which the defendant is released within seventy two (72) hours
of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not unlawfully possess a controlled substance. Defendant shall refrain from any unlawful use of a controlled
substance.  Defendant shall submit to one drug test within fifteen (15) days of release from imprisonment and at least two
periodic drug tests thereafter, as determined by the court.

☒   The above drug testing condition is suspended, based on the court's determination that defendant poses a low risk of
     future substance abuse.

☒   Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒   Defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐   Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901,
     *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which
     defendant resides, works, is a student, or was convicted of a qualifying offense.

☐   Defendant shall participate in an approved program for domestic violence.

      If this judgment imposes a fine or restitution, it is a condition of supervised release that defendant pay it in accordance
with the Schedule of Payments sheet of this judgment.

      Defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional
conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)   Defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation
     officer;

4)   Defendant shall support defendant's dependents and meet other family responsibilities;

5)   Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training,
     or other acceptable reasons;

6)   Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;

7)   Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any
     controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3 - Supervised Release Continued (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT: Carla Jo Mires | Judgment— Page ___4___ of ___8___ |
| CASE NUMBER: CR-14-00239-001-HE | |

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) Defendant shall notify the probation officer within seventy two (72) hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/08)  Judgment in a Criminal Case:
Sheet 3A — Supervised Release Continued (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT:  Carla Jo Mires | Judgment—Page ___5___ of ___8___ |
| CASE NUMBER:  CR-14-00239-001-HE | |

## ADDITIONAL SUPERVISED RELEASE TERMS

The court does not impose any requirement of community service.

If defendant is employed in a fiduciary capacity, defendant shall notify employers of the federal conviction at the direction of the probation officer and the probation officer is granted permission to verify notification.

Defendant shall participate in a program of mental health aftercare as directed by the probation officer.  Defendant shall contribute to the cost of services rendered (copayment) in an amount determined by the probation officer based on defendant's ability to pay.

So long as any portion of the criminal monetary penalties remain unpaid, the following conditions shall apply:

Defendant shall maintain a single checking account in defendant's name.  Defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

Defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

Defendant shall disclose all assets and liabilities to the probation officer.  Defendant shall not transfer, sell, give away or otherwise convey any asset without first consulting with the probation officer.

If defendant maintains interest in any business or enterprise, defendant shall, upon request, surrender  and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

Defendant shall, upon request of the probation officer, authorize release of any and all financial records, income tax records, and social security record, by execution of a release of financial information form or by any appropriate means.

Defendant shall notify the court and the United States attorney of any material change in economic circumstances that might affect defendant's ability to pay a fine and/or restitution.

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 5 — Criminal Monetary Penalties (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT: Carla Jo Mires | Judgment—Page   6   of   8 |
| CASE NUMBER: CR-14-00239-001-HE | |

## CRIMINAL MONETARY PENALTIES

Defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $200.00 | $-0- | ***TO BE DETERMINED*** |

☐  The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐  Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

☐  Payments are to be forwarded to the clerk of the court for distribution to the following payees in the amount listed below. If defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Travelers Insurance<br>c/o Kazlow & Fields, LLC<br>Attn: Tova Eichhorn<br>8100 Sandpaper Circle, Ste. 204<br>Baltimore, MD 21236 | $126,042.89 |
| Union Mutual Insurance Company<br>Attn: Terri Smith<br>3 Corporate Plaza, 3613 NW 56th Street<br>Oklahoma City, OK 73112 | ***TO BE DETERMINED*** |

☐  Restitution amount ordered pursuant to plea agreement $_____

☐  Defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the 15th day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that defendant does not have the ability to pay interest, and it is ordered that:

☒  the interest requirement is waived for the:  ☐ fine; ☒ restitution.

☐  the interest requirement is modified for the:  ☐ fine; ☐ restitution, as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

O 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 5B — Criminal Monetary Penalties (as locally modified 12/11)

DEFENDANT: Carla Jo Mires                                    Judgment—Page __7__ of __8__
CASE NUMBER: CR-14-00239-001-HE

### ADDITIONAL RESTITUTION PAYEE

__Name of Payee__                          __Amount of Restitution Ordered__

Internal Revenue Service-RACS              **$32,344.00**
Attn: Mail Stop 6261, Restitution
333 West Pershing Avenue
Kansas City, MO 64108

| Tax Year | Additional Tax Due and Owing |
|---|---|
| 2008 | $13,070.00 |
| 2009 | $3,873.00 |
| 2010 | $1,065.00 |
| 2011 | $208.00 |
| 2012 | $14,128.00 |
| 2013 | Not Applicable |
| **Total Restitution to the Internal Revenue Service-RACS** | **$32,344.00** |

AO245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments (as locally modified 12/11)

DEFENDANT:  Carla Jo Mires                                        Judgment – Page ___8___ of ___8___
CASE NUMBER: CR-14-00239-001-HE

### SCHEDULE OF PAYMENTS

Having assessed defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A.  ☒    Lump sum payment of $ (TO BE DETERMINED) due immediately, balance due:
         ☐ not later than _____, or
         ☒ in accordance with  ☐ C;  ☐ D;  ☐ E; or ☒ F below; or

B.  ☐    Payment to begin immediately (may be combined with  ☐ C;  ☐ D; or  ☐ F below); or

C.  ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _
         _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this
         judgment; or

D.  ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _
         _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
         imprisonment to a term of supervision; or

E.  ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
         imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that
         time; or

F.  ☒    Special instructions regarding the payment of criminal monetary penalties:

         If restitution is not paid immediately, defendant shall make payments of the greater of $200.00 per month or 10%
         of defendant's quarterly earnings during defendant's term of imprisonment or, 10 % of defendant's gross monthly
         income as determined by the probation officer.  Such payments shall commence not later than 30 days after release
         from confinement.  Payments shall be forwarded to the clerk of the court for distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

         ☐    Joint and Several.

              Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
              Several Amount, and corresponding payee, if appropriate.

         ☐    The defendant shall pay the cost of prosecution.

         ☐    The defendant shall pay the following court cost(s):

         ☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution  interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 254B (REV. 09/08) Judgment in a Criminal Case
Sheet 1 (as locally modified 12/11)

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **2ND AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | Case Number:   CR-14-00239-001-HE<br>USM Number:   29058-064 |
| **CARLA JO MIRES,** | |
| | John Alberts, Esq.,<br>Defendant's Attorney |

**THE DEFENDANT:**

The amended judgment and commitment order [Doc. #21] is amended to reflect the restitution amount owed to Union Mutual Insurance Company as reflected on pages 6, 7 and 8 of this second amended judgment and commitment order.

☒   pled guilty to counts 1 and 2 of the 2 count information filed 08/14/2014.
☐   pled nolo contendere to count(s) _____, which was accepted by the court.
☐   was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 513(a) | **Forged Security** | **October 4, 2012** | 1 |
| 26 U.S.C. § 7206(1) | **False Income Tax Return** | **January 28, 2009** | 2 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.  Portions of this form preceded by a box are applicable if the box is checked.

☐   The defendant has been found not guilty on count(s) _____.
☐   Count(s) _____ ☐ is ☐ are   dismissed on the motion of the United States.
☒   It is ordered the defendant shall pay a special assessment of $200.00 for counts 1 and 2, which shall be due immediately.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and the United States attorney of any material change in the defendant's economic circumstances.

Certified Copy
**CR-14-239-HE Document 23**

3:04 pm, Jun 06, 2018
**Carmelita Reeder Shinn, Clerk**

December 11, 2014
Date of Imposition of Judgment

Signature of Judge

JOE HEATON
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

1/13/15
Date Signed

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 2 - Imprisonment (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT:  Carla Jo Mires | Judgment— Page __2__ of __8__ |
| CASE NUMBER: CR-14-00239-001-HE | |

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: _
**twenty-four (24) months as to counts 1 and 2 to run concurrent.**

The court makes the following recommendations to the Bureau of Prisons:

☒    That defendant, if eligible, and if consistent with space availability and appropriate programs, be assigned to the appropriate facility closest to Oklahoma.

☒    That defendant participate in the Inmate Financial Responsibility Program at a rate determined by Bureau of Prisons staff in accordance with the requirements of the Inmate Financial Responsibility program.

☐    That defendant participate in the Residential Drug Abuse Program while incarcerated.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district.

     ☐    by <u>1:00 p.m.</u> on _____.

     ☐    as notified by the United States marshal.

☒   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☒    by <u>1:00 p.m.</u>  on <u>January 13, 2015</u>. If designation has not been made, the defendant is to surrender to the United States Marshal for this district.

     ☐    as notified by the United States Marshal.

     ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

                             _____
                                   United States Marshal

          By _____
                                   Deputy Marshal

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3 - Supervised Release (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT: Carla Jo Mires | Judgment— Page ___3___ of ___8___ |
| CASE NUMBER: CR-14-00239-001-HE | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years as to count 1 and one (1) year as to count 2 to run concurrent**.

Defendant must report to the probation office in the district to which the defendant is released within seventy two (72) hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not unlawfully possess a controlled substance. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within fifteen (15) days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that defendant poses a low risk of future substance abuse.

☒ Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ Defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐ Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student, or was convicted of a qualifying offense.

☐ Defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or restitution, it is a condition of supervised release that defendant pay it in accordance with the Schedule of Payments sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support defendant's dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3 - Supervised Release Continued (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT: Carla Jo Mires | Judgment— Page __4__ of __8__ |
| CASE NUMBER: CR-14-00239-001-HE | |

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) Defendant shall notify the probation officer within seventy two (72) hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 3A — Supervised Release Continued (as locally modified 12/11)

DEFENDANT:  Carla Jo Mires
CASE NUMBER:  CR-14-00239-001-HE

Judgment—Page ___5___ of ___8___

## ADDITIONAL SUPERVISED RELEASE TERMS

The court does not impose any requirement of community service.

If defendant is employed in a fiduciary capacity, defendant shall notify employers of the federal conviction at the direction of the probation officer and the probation officer is granted permission to verify notification.

Defendant shall participate in a program of mental health aftercare as directed by the probation officer. Defendant shall contribute to the cost of services rendered (copayment) in an amount determined by the probation officer based on defendant's ability to pay.

So long as any portion of the criminal monetary penalties remain unpaid, the following conditions shall apply:

Defendant shall maintain a single checking account in defendant's name. Defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

Defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

Defendant shall disclose all assets and liabilities to the probation officer. Defendant shall not transfer, sell, give away or otherwise convey any asset without first consulting with the probation officer.

If defendant maintains interest in any business or enterprise, defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

Defendant shall, upon request of the probation officer, authorize release of any and all financial records, income tax records, and social security record, by execution of a release of financial information form or by any appropriate means.

Defendant shall notify the court and the United States attorney of any material change in economic circumstances that might affect defendant's ability to pay a fine and/or restitution.

AO 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 5 — Criminal Monetary Penalties (as locally modified 12/11)

| | |
|---|---|
| DEFENDANT: Carla Jo Mires | Judgment—Page __6__ of __8__ |
| CASE NUMBER: CR-14-00239-001-HE | |

## CRIMINAL MONETARY PENALTIES

Defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $200.00 | $-0- | $168,386.89 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

☐ Payments are to be forwarded to the clerk of the court for distribution to the following payees in the amount listed below. If defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Travelers Insurance<br>c/o Kazlow & Fields, LLC<br>Attn: Tova Eichhorn<br>8100 Sandpaper Circle, Ste. 204<br>Baltimore, MD 21236 | $126,042.89 |
| Union Mutual Insurance Company<br>Attn: Terri Smith<br>3 Corporate Plaza, 3613 NW 56th Street<br>Oklahoma City, OK 73112 | $10,000.00 |

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ Defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the 15th day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that defendant does not have the ability to pay interest, and it is ordered that:

    ☒ the interest requirement is waived for the:  ☐ fine; ☒ restitution.

    ☐ the interest requirement is modified for the:  ☐ fine; ☐ restitution, as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

O 245B (Rev. 09/08) Judgment in a Criminal Case:
Sheet 5B — Criminal Monetary Penalties (as locally modified 12/11)

DEFENDANT: Carla Jo Mires
CASE NUMBER: CR-14-00239-001-HE

Judgment—Page __7__ of __8__

## ADDITIONAL RESTITUTION PAYEE

Name of Payee

Amount of Restitution Ordered

Internal Revenue Service-RACS
Attn: Mail Stop 6261, Restitution
333 West Pershing Avenue
Kansas City, MO 64108

$32,344.00

| Tax Year | Additional Tax Due and Owing |
|---|---|
| 2008 | $13,070.00 |
| 2009 | $3,873.00 |
| 2010 | $1,065.00 |
| 2011 | $208.00 |
| 2012 | $14,128.00 |
| 2013 | Not Applicable |
| Total Restitution to the Internal Revenue Service-RACS | $32,344.00 |

AO245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments (as locally modified 12/11)

DEFENDANT: Carla Jo Mires                           Judgment – Page __8__ of __8__
CASE NUMBER: CR-14-00239-001-HE

## SCHEDULE OF PAYMENTS

Having assessed defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A.  ☒  Lump sum payment of $168,386.89, due immediately, balance due:
        ☐  not later than _____, or
        ☒  in accordance with   ☐ C;  ☐ D;  ☐ E; or ☒ F below; or

B.  ☐  Payment to begin immediately (may be combined with  ☐ C;  ☐ D; or  ☐ F below); or

C.  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this
        judgment; or

D.  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
        imprisonment to a term of supervision; or

E.  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
        imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
        time; or

F.  ☒  Special instructions regarding the payment of criminal monetary penalties:

        If restitution is not paid immediately, defendant shall make payments of the greater of $200.00 per month or 10%
        of defendant's quarterly earnings during defendant's term of imprisonment or, 10 % of defendant's gross monthly
        income as determined by the probation officer. Such payments shall commence not later than 30 days after release
        from confinement. Payments shall be forwarded to the clerk of the court for distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

        ☐  Joint and Several.

        Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
        Several Amount, and corresponding payee, if appropriate.

        ☐  The defendant shall pay the cost of prosecution.

        ☐  The defendant shall pay the following court cost(s):

        ☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.